# IN THE COURT OF APPEALS OF IOWA

No. 16-0713
Filed April 5, 2017

**STATE OF IOWA,**
 Plaintiff-Appellee,

**vs.**

**MELVIN LUCIER,**
 Defendant-Appellant.
_____

 Appeal from the Iowa District Court for Scott County, Joel W. Barrows,
Judge.

 Melvin Lucier appeals his judgment and sentence for sexual abuse in the
third degree. **AFFIRMED.**

 Mark C. Smith, State Appellate Defender, and Stephan J. Japuntich,
Assistant Appellate Defender, for appellant.

 Stuart G. Hoover of Blair & Fitzsimmons, P.C., Dubuque, for appellee.

 Considered by Mullins, P.J., Bower, J., and Mahan, S.J.*

 *Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2017).

**MAHAN, Senior Judge.**

The State charged Melvin Lucier with three counts of sexual abuse in the second degree (Counts I, II, and III) and one count of sexual abuse in the third degree (Count IV). Lucier filed a motion to sever Counts I, II, and III from Count IV. He also filed a written waiver of jury trial. At a hearing on the motions, the following colloquy took place:

> COURT: Then let's deal with the waiver of jury trial. Mr. Motto, you indicated to me that Mr. Lucier at this point wishes to waive jury trial for trial set for November 4th, is that correct?
> MR. MOTTO: That's correct, Your Honor. On November 2nd, I believe, but Counts I, II, and III only.
> COURT: All right. Is that correct, Mr. Lucier?
> DEFENDANT: Yes, Your Honor.

The district court granted Lucier's motions; Counts I, II, and III were severed and tried to the bench, and Count IV was tried to a jury. Lucier was convicted on all counts.

On appeal, Lucier contends his due process rights were violated because Count IV was severed and "tr[ied] to a jury after [he] waived his right to a jury trial." Because Lucier requested the court waive jury trial for "Counts I, II, and III only," his claim is unpersuasive. The court merely proceeded as Lucier requested. In any event, Lucier did not preserve error on this issue; at no time did Lucier alert the court he did not wish for Count IV to be tried to a jury. "It is a fundamental doctrine of appellate review that issues must ordinarily be both raised and decided by the district court before we will decide them on appeal." *Lamasters v. State*, 821 N.W.2d 856, 862 (Iowa 2012) (quoting *Meier v. Senecaut*, 641 N.W.2d 532, 537 (Iowa 2002)).

Lucier further claims his due process rights were violated "when a juror was excused and replaced by an alternate juror who was informed from the outset of the proceedings that he was an alternate juror." Again, because this issue was not raised below, we will not consider it on appeal. *See id.* We affirm Lucier's judgment and sentence for sexual abuse in the third degree.

**AFFIRMED.**